```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**JOHN D. LUTON,**

                **Petitioner,**

      v.                            CASE NO.  08-3054-SAC

**KAREN ROHLING,**

                **Respondent.**

### O R D E R

This petition for writ of habeas corpus, 28 U.S.C. § 2254, was filed by an inmate of the Larned Correctional Mental Health Facility, Larned, Kansas.  Petitioner has also filed an Application to Proceed Without Prepayment of Fees (Doc. 2), which will be granted.

Mr. Luton was convicted by a jury in the District Court of Sedgwick County, Kansas, of aggravated criminal sodomy and aggravated burglary, and sentenced on January 29, 1998, to 736 months in prison.  He appealed his conviction to the Kansas Court of Appeals (KCOA), which affirmed on January 29, 1999.  The Kansas Supreme Court denied review on March 16, 1999.

On August 16, 2000, petitioner filed a post-conviction motion in the trial court pursuant to K.S.A. 60-1507, which he indicates was docketed as District Court Case Number 00C2600, and "summarily denied" on November 17, 2000.  On-line Kansas Appellate Courts records indicate an appeal was docketed in Case No. 00C2600 in January, 2001; and on March 22, 2002, the KCOA dismissed in part, reversed in part, and remanded with directions (Appellate Case No. 86403).  The on-line records also indicate another appeal in Case No. 00C2600 was pending from February 13, 2003, to the entry of

another opinion reversing and remanding with directions on July 2, 2004, (Appellate No. 90220). A third appeal in the same case was pending from June 2, 2005, through an affirmance by the KCOA on January 12, 2007, and to the denial of a Petition for Review on May 16, 2007.

As ground one for his federal Petition, Mr. Luton claims his appellate counsel failed to adequately create a record for appeal. As ground two, he claims appellate counsel abandoned his sufficiency of the evidence claim, which was a valid and winning claim. As ground three petitioner claims appellate counsel failed to raise the "fundamental" issue of severance. As ground four, he claims trial and appellate counsel failed to address the issue of the adequacy of the limiting instruction regarding the K.S.A. 60-455 evidence. These issues were raised in petitioner's 60-1507 motion.

Petitioner alleges he could not raise his claims of ineffective assistance of appellate counsel on direct appeal, but that all claims have been exhausted either on direct appeal or in post-conviction proceedings. Petitioner also states that his federal Petition was timely filed.

**STATUTE OF LIMITATIONS**

The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

In response to the question on his form Petition regarding the statute of limitations, Mr. Luton states that he "timely" filed the instant federal Petition within one year of the final judgment of the highest appellate court. However, the statute of limitations in this case began running at the time his criminal conviction became "final." A state criminal conviction becomes "final" for Section 2244 purposes upon expiration of the ninety-day period in which the defendant could have filed a Petition for Writ of Certiorari in the United States Supreme Court. Since the Petition for Review was denied in Mr. Luton's direct appeal on March 16, 1999, his conviction became "final" ninety days later on June 15, 1999. It follows that the statute of limitations for filing a federal habeas corpus petition in Mr. Luton's case began to run on June 15, 1999. It appears from petitioner's own allegations that he took no action within the year following, so the limitations period continued to run unabated until it expired on June 15, 2000. Petitioner filed his first state post-conviction motion two months later on August 16, 2000.

The court tentatively finds from the foregoing, that this federal Petition is time-barred unless Mr. Luton can claim additional statutory tolling or allege facts demonstrating his entitlement to equitable tolling. Equitable tolling of the limitation period is allowed when "an inmate diligently pursues his

3

claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001).

Petitioner will be given time to allege facts showing he is entitled to additional statutory or equitable tolling[1] and to show cause why this Petition should not be dismissed as time-barred. If petitioner does not present such additional facts, this action will be dismissed as time-barred.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Application to Proceed Without Prepayment of Fees (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that petitioner is granted thirty (30) days in which to show cause why this action should not be dismissed as time-barred.

**IT IS SO ORDERED.**

Dated this 20th day of February, 2008, at Topeka, Kansas.

---

[1] Equitable tolling is warranted only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000), *quoting* Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999); Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir.), cert. denied, 531 U.S. 1035 (2000). To qualify for such tolling, petitioner must demonstrate that extraordinary circumstances beyond his control prevented him from filing his federal petition on time, and that he diligently pursued his claims throughout the period he seeks to toll. Miller, 141 F.3d at 978; Marsh, 223 F.3d at 1220. The Tenth Circuit has stated that equitable tolling is appropriate, for example, where a prisoner is actually innocent; when an adversary's conduct or other uncontrollable circumstances prevent a prisoner from timely filing; or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003).
Complaints about unfamiliarity with the legal process and illiteracy have been found to provide no basis for equitable tolling. See Scott v. Johnson, 227 F.3d 260, 263 FN3 (5th Cir. 2000), cert. denied, 532 U.S. 963 (2001). Moreover, ignorance of the law generally and of the AEDPA time limit in particular will not excuse untimely filing, even for an incarcerated pro se prisoner. Marsh, 223 F.3d at 1220; Miller, 141 F.3d at 978; Gibson, 232 F.3d at 808. Nor do complaints regarding post-conviction counsel entitle a petitioner to equitable tolling.

                                  <u>s/Sam A. Crow</u>
                                  U. S. Senior District Judge