```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**JOHN D. LUTON,**

                         **Petitioner,**

                v.                      **CASE NO.  08-3054-SAC**

**KAREN ROHLING,**
**et al.,**

                         **Respondents.**

<u>**MEMORANDUM AND ORDER**</u>

Upon initial screening of this petition for writ of habeas corpus, 28 U.S.C. § 2254, the court entered an Order tentatively finding it was not filed within the time provided by the applicable statute of limitations[1]. Petitioner was ordered to show cause why this action should not be dismissed as time-barred. Petitioner has filed a Response (Doc. 4). Having considered all the materials in the file, the court finds as follows.

<u>**FACTUAL BACKGROUND**</u>

Mr. Luton was convicted by a jury in the District Court of Sedgwick County, Kansas, of aggravated criminal sodomy and aggravated burglary. He was sentenced on January 29, 1998, to 736 months in prison. He appealed his conviction to the Kansas Court

---

[1] The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ."  28 U.S.C. § 2244(d)(2).

of Appeals (KCOA), which affirmed. On March 16, 1999, the Kansas Supreme Court denied review[2].

As petitioner was previously informed, his state criminal convictions became "final" for § 2244(d)(1)(A) purposes, not on the day the Kansas Supreme Court denied review, but once the ninety-day time period for filing a Petition for Writ of Certiorari to the United States Supreme Court expired, if no such petition was filed. The court thus finds that Mr. Luton's convictions became "final" on or before June 15, 1999. It follows that the one-year limitations period during which Mr. Luton was required to file his federal habeas corpus petition challenging his state convictions began to run on June 15, 1999. As he was informed, unless petitioner shows additional statutory or equitable tolling, the statute of limitations in his case expired one year later on June 15, 2000.

Petitioner has presented no facts indicating that he is entitled to additional statutory tolling during the time the limitations period was running. Under the clear language of § 2244, "he had a right to toll the federal limitations period at any time during that year by delivering a properly verified application for post-conviction relief to the state district court." See Burger v. Scott, 317 F.3d 1133, 1142 (10th Cir. 2003). He did not do so. On August 16, 2000, he filed a post-conviction motion pursuant to K.S.A. § 60-1507 in the Sedgwick County Court. He apparently continued to pursue state post-conviction proceedings from this date through May 9, 2007, (See Luton v. State, 149 P.3d

---

[2] On-line records of the Kansas Appellate Courts show that the Appellate Case Number of petitioner's direct criminal appeal, State of Kansas v. Luton, was 80958.

547 (Kan.App. Jan. 12, 2007, Table), rev. denied (Ks.Sup.Ct. May 9, 2007).  However, none of his state post-conviction proceedings had any tolling effect upon the federal statute of limitations because they were initiated and "pending" only after the federal statute of limitations had already expired.  See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001), cert. denied, 535 U.S. 1034 (2002).

Mr. Luton in his Response makes allegations, which he apparently believes entitle him to equitable tolling.  He generally alleges that the State's failure to make available to prisoners the "materials necessary" to challenge their convictions, including the AEDPA law setting forth the "newly imposed statute of limitations" and "the basic procedural rules a prisoner must follow to avoid having his habeas petition summarily thrown out of court" amounts to a State-created impediment[3] that prevents prisoners from filing their federal petitions on time.  He implies that in his case, the State failed to provide "a copy of the very statute that is being used to render (his) petition time-barred," and that this "constitutes an impediment for purposes of invoking 2244(D)(i)(b)."[4]  He also states that this court's failure to reach the merits of his claims will result in "a great miscarriage of justice."

---

[3]  Petitioner appears to be quoting from the Fifth Circuit's decision in Egerton v. Cockrell, 334 F.3d 433, 438 (5th Cir. 2003).  However, the Tenth Circuit has examined that opinion and found that "this circuit's standard for equitable tolling" is not met by these general allegations alone.  See e.g., Hill v. Workman, 141 Fed.Appx. 754, 757 (10th Cir. 2005)(A copy of this unpublished opinion is attached hereto in compliance with appellate court rules.).

[4]  28 U.S.C. § 2244(d)(1) pertinently provides that the "limitation period shall run from the latest of" four dates, one of which in subsection (B) is: "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action. . . ."

3

The reasoning of the Tenth Circuit Court of Appeals in <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998) is relevant to petitioner's allegations in his Response:

> We note that the claims Mr. Miller sought to raise are similar to those raised in his direct appeal and motion for state postconviction relief, thereby undercutting his argument that lack of access caused his delay. In the final analysis, however, Mr. Miller has provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims. Cf. Lewis v. Casey, 518 U.S. 343, 349-50, 116 S.Ct. 2174, 2179, 135 L.Ed.2d 606 (1996). It is not enough to say that the Minnesota facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate. See Aplt. Br. (Form A-11) at 10. It is apparent that Mr. Miller simply did not know about the limitation in the AEDPA until it was too late.

<u>Id</u>. Even more directly on point, the Tenth Circuit reasoned in <u>Gibson v. Klinger</u>, 232 F.3d 799, 808 (10th Cir. 2000), as follows:

> Mr. Gibson also argues that the limitations period should be equitably tolled because he was unable to secure a copy of AEDPA . . . .
>
> AEDPA's one-year statute of limitations is subject to equitable tolling but only "in rare and exceptional circumstances." Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct -or other uncontrollable circumstances- prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Simple excusable neglect is not sufficient. Moreover, a petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling.
>
> . . . . Mr. Gibson's evidence that he could not obtain a copy of AEDPA on June 17, and 18, 1998, and that another inmate could not obtain a copy on March 12, 1998, does not demonstrate that the state prevented him from learning about AEDPA during the thirteen months between its enactment and the day the limitations period expired for his federal habeas petition. In fact, the evidence

> shows that the library had the legislation until it was removed by another inmate.  Mr. Gibson's alleged ignorance of AEDPA's one-year limitations period does not support the application of equitable tolling principles.  (Citations omitted).

Id.

Petitioner in this case alleges no facts whatsoever indicating his failure to file during the entire year the federal limitations period was running was due entirely to his not receiving a copy of AEDPA from the State, and not to any lack of diligence on his part.  For example, he does not allege that legal materials or information regarding AEDPA were unavailable through the prison's law library or other inmate legal assistance program, or that he made requests for legal materials or a copy of AEDPA, which were denied.  Nor does he allege facts indicating the State actually prevented him from learning about AEDPA and the habeas statute of limitations, which were in effect for more than a year before he was sentenced.  He also fails to allege any facts showing he diligently pursued his claims between June 15, 1999, and June 15, 2000.  The burden is on a petitioner to demonstrate the circumstances that justify equitable tolling.  Miller, 141 F.3d at 977.  In any event, a petitioner's ignorance of the law in general, and the published AEDPA statutes in particular, is not a "rare and exceptional" circumstance beyond his control entitling him to equitable tolling.  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'"), cert. denied, 531 U.S. 1194 (2001); Klinger, 232 F.3d at 808 ("[A] claim of insufficient access to relevant law . . .

5

. is not enough to support equitable tolling.").

Petitioner's final argument is that failing to consider the merits of his claims will result in "a great miscarriage of justice." The fundamental miscarriage of justice exception generally applies when one is attempting to overcome procedural default and requires a petitioner to supplement his constitutional claim with a colorable showing of factual innocence. See Herrera v. Collins, 506 U.S. 390, 404 (1993). To be entitled to this exception, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Petitioner does not even claim to have new reliable evidence of his actual innocence. In fact, Mr. Luton alleges nothing in support of this completely conclusory argument and provides no analysis or specific facts to warrant equitable tolling.

In sum, the court finds that petitioner did not file this federal habeas corpus petition within the one-year statute of limitations period, and has not shown he is entitled to an extension of that period by either statutory or equitable tolling.

**IT IS THEREFORE ORDERED** that this action is dismissed as time-barred, and all relief is denied.

**IT IS SO ORDERED.**

Dated this 25th day of February, 2009, at Topeka, Kansas.

                                              <u>s/Sam A. Crow</u>  
                                              U. S. Senior District Judge